# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Virginia M. Kendall | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4521 | **DATE** | 7/3/2012 |
| **CASE TITLE** | Jackson vs. Astrue | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed in forma pauperis [3] is granted.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Anthony Jackson ("Jackson") moves the Court to proceed *in forma pauperis* without the full prepayment of filing fees. For the reasons stated below, the Court grants Jackson's Motion.

Jackson is appealing a final administrative decision by Social Security Commissioner Michael J. Astrue that denied his application for Social Security Disability benefits for lack of disability. Jackson claims that he was not given a full and fair hearing by the Administrative Law Judge. Jackson alleges that the finding that he is not disabled is not supported by substantial evidence and was not made in accordance with legal standards for the determination of disability as set forth by the Social Security Act.

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Jackson to proceed *in forma pauperis* if he is unable to pay the mandated court fees. Jackson need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, he is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent him from providing for life's necessities. *See Id.* According to his financial affidavit, Jackson is unemployed. Jackson's only source of income is $200 per month for medical care from a safety net provider due to his status as an uninsured person. Jackson lives alone, owns no financial instruments automobile, real estate or other property. Jackson indicates that he is unable to pay child support for his daughter, his sole dependent. Based on these facts, Jackson's financial affidavit sets forth his inability to pay the mandated court fees.

The Court, however, must look beyond Jackson's financial status. Section 1915 requires the Court to review an action of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if the plaintiff seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lindell v.*

| STATEMENT |
|---|

*McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). Here, Jackson alleges that the Defendant improperly denied him application for benefits based on a finding that he was not disabled. He alleges that the Commissioner's findings of fact are not supported by the evidence in the administrative record, the finding was not made in accordance with legal standards for the determination of disability as set forth by the Social Security Act, and he was not given a full and fair hearing by the Administrative Law Judge. Jackson's Complaint provides adequate notice of the charges and does not appear frivolous or otherwise meritless. *See* 42 U.S.C. § 2000e-5e; *see also Tyson v. Gannett Co.*, 538 F.3d 781, 783 (7th Cir. 2008). An individual may bring a federal civil action within sixty days of a adverse determination by the Appeals Council. *See* 42 U.S.C. § 405(g); accord *Sims v. Apfel*, 530 U.S. 103, 106-107 (2000). Jackson received a final decision from the Appeals Council on May 3, 2012, and filed suit on June 11, 2012. Therefore, Jackson's Complaint is properly before the Court.

For the reasons stated above, Jackson's Motion to Proceed *In Forma Pauperis* is granted.